## EDWARD SPELLMAN ET AL.
### v.
## FRANK EVANS.

INSTRUCTION.—An instruction that "if the jury believe from the evidence that the appellants directly or indirectly employed appellee, the jury should find for appellee." *Held*, that the instruction, under the circumstances of this case, was not erroneous.

APPEAL from the Circuit Court of Tazewell county; the Hon. N. M. LAWS, Judge, presiding. Opinion filed December 4, 1885.

Mr. WILLIAM DON MAUS, for appellants.

Mr. T. N. GREEN, for appellee.

WALL, P. J. This suit originated before a justice of the

Spellman v. Evans.

peace and was removed to the circuit court by appeal. In the circuit court there was a trial by jury, resulting in a verdict for plaintiff for $12.50, and judgment thereon with costs.

The case comes here by appeal, and error is assigned upon the rulings of the circuit court.

It is urged, first, that the court should have granted a new trial because the evidence does not support the verdict. The evidence is sharply conflicting, but we can not say there is not enough to support the finding of the jury, and we think the court committed no error in this report. It is urged, also, that the court erred in its instructions by advising the jury that, " if they believed from the evidence that the appellants directly or indirectly employed appellee, the jury should find for appellee."

This expression is understood by counsel to authorize a verdict for appellee without an express agreement by the defendants to employ appellee, and that as there was no evidence upon which the law would imply an undertaking to pay for the services of appellee, therefore the instruction was misleading and should not have been given. We agree with counsel that upon the evidence it was necessary to find an express undertaking by defendants in order to render them liable for the plaintiff's demand.

There were no facts in proof from which the law would imply a promise to pay for the services of the plaintiff.

If the instruction were subject to the construction placed upon it by counsel, we would, without hesitation, say that substantial error had been committed for which the judgment should be reversed. We do not, however, so read the instruction and can not believe it was so understood by the jury.

The words, " directly or indirectly," as here used, plainly refer to another feature of the case. There was evidence tending to show that the plaintiff's services were employed through the agency of another person, not directly by the defendants, but indirectly through another. The instruction thus understood was not erroneous.

No other complaint is made by counsel for appellants, either as to the instructions, or as to the admission or rejection of

testimony, and the judgment of the circuit court will therefore be affirmed.

Affirmed.